Dear Mr. Caswell:
You have requested this office to reconsider Attorney General Opinion No. 95-165 released on May 19, 1995. This opinion addressed the constitutionality of a one-time supplemental pay increase for employees of the St. Landry Parish School Board ("Board"). Therein we cite, as controlling, Article VII, Section14 of the 1974 Louisiana Constitution, and the well-established principal that payments of additional compensation to public employees, to be constitutionally valid, must be in the form of salary increases for future services to be rendered and not extra compensation for past services already rendered and recompensed.
The opinion further concluded that the Attorney General's Office does not consider Article VII, Section 14 to prohibit earned increases in compensation or earned supplemental compensation unless such supplemental compensation is specifically prohibited by law. Whether a payment of money is a donation or earned compensation is a factual determination. SeeState v. Davis, 359 So.2d 803 (La.App. 3rd Cir. 1989), Writ Denied.
Opinion No. 95-165 to reviewed previous opinions issued by this office which distinguished between valid and invalid factual supplemental pay scenarios. Based on the facts submitted by you to this office at the time of the request, we concluded that the payment contemplated by the Board did not fall within the acceptable perimeters of Article VII, Section 14, and was, thus, legally impermissible.
In your request for reconsideration, you state that additional facts have surfaced that you were unaware of at the time the initial request was made. You note that in May, 1994, teachers from the St. Landry Parish School System threatened to strike and/or walkout unless they received additional compensation for their services. They sought additional funding for both the 1993-94 and 1994-95 school years. The negotiations between the Board and its employees culminated at the Board's meeting on May 5, 1994. You have provided us with a copy of the official minutes of that meeting.
The minutes reflect that the Employee Benefits Committee met on April 28, 1994, at which time a motion was adopted that 40% of the Minimum Foundation Program (MFP) funds be dedicated to employee benefits/salary to be shared equally by all employees of the System. The Board considered the Committee's action and, by motion, approved the recommendation that 40% of the MFP funds be dedicated to employee benefits to be shared equally by all employees, with the first supplemental payment to be made in August of 1994.
The Board further resolved that these supplemental payments would continue to be paid each year from the 40% portion of MFP funds, the level of the payments to be obviously determined by the dollar amount of the MFP funding approved by the legislature.
Subsequently, the Board effected a payment in August of 1994. It will soon be in the position to make a second payment for the current year and seeks ratification from this office, via this opinion, of the legality of the payment.
Given these additional facts, it is the opinion of this office that this scenario closely parallels that discussed in Attorney General Opinion No. 93-586, wherein it was held that a pay plan adopted by the St. Tammany Parish School Board for its employees setting a base salary for each employee, as well as a share of a percentage of whatever undedicated general fund balance remained at the end of the year. The author concluded that the end-of-year undedicated general fund percentages were, in effect, dedicated to the payment of these salaries prior to rendition of the services being compensated as a result of collective bargaining negotiations. Thus, the amounts ascertainable from the formulated percentages represented salary increases agreed upon at the beginning of the school year for services to be rendered during that year, even though they would payable only insofar as sufficient funds would be available at the end of the year, and only out of those funds at that time. The plan was found to be constitutionally sound.
In addition, we see a parallel between the Board's plan and the well-recognized line of opinions that sanction lump sum payments made to teachers from sales tax revenues that are dedicated to teacher compensation. These opinions conclude that said surplus revenues may be expended by deferred payment at the mid-point and the end of each school year as a pro rata payment paid to each employee under contract in accordance with a resolution imposing the tax. See Attorney General Opinion Nos. 83-489 and 80-410.
Accordingly, it is the opinion of this office that, under the unique factual scenario presented in your request for a reconsideration of Opinion No. 95-165, the St. Landry Parish School Board may effect a lump sum supplemental pay increase for its employees. To the extent Opinion No. 95-165 is inconsistent with the opinion expressed herein, it is hereby recalled.
Trusting this answers you questions, I am,
Very truly yours,
 RICHARD P. IEYOUB
Attorney General
 By: _____________________ ROBERT H. HARROUN
Assistant Attorney General